UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK SMITH,                                             CASE NO.:

    Plaintiff,

v.

D.R. MARTINEAU
CONSTRUCTION, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, FRANK SMITH ("Plaintiff" or "Mr. Smith"), by and through undersigned counsel, files this Complaint against Defendant, D.R. MARTINEAU CONSTRUCTION, INC. ("Defendant" or "DRMC"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") and for breach of contract, to recover from Defendant overtime compensation, liquidated damages, declaratory relief, contract damages, pre-judgment interest, reasonable attorneys' fees and costs, and any other damages permitted by law.

1

## PARTIES, JURISDICTION, AND VENUE

2. Mr. Smith was an employee who performed services on behalf of Defendant in Lee County, Florida, and nearby/adjacent counties.

3. DRMC is a Florida profit corporation located in North Fort Myers, Lee County, Florida, and which, at all times relevant, performed work in Lee County, Florida.

4. Jurisdiction is proper in this Court, as claims are brought pursuant to the FLSA, as amended (29 U.S.C. § 201, *et seq.*), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Supplemental jurisdiction over Plaintiff's breach of contract claims is proper, as they arise out of the same common nucleus of operative facts as the FLSA claims.

6. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Lee County, Florida.

## FLSA COVERAGE

7. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiff was a resident of Lee County, Florida.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant was primarily engaged in operating a construction and roofing company in Lee County, Florida.

14. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials

that had been moved in or produced for commerce, such as roofing materials, tools, etc., but which had come to rest within its warehouse location in Lee County, Florida.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Sales Representatives and Account Managers like Plaintiff.

## FACTUAL ALLEGATIONS

18. Mr. Smith worked for Defendant as a Sales Representative and Account Manager from April 16, 2018, until his termination on July 23, 2021.

19. During his employment with Defendant, Mr. Smith was paid a fixed weekly salary and, pursuant to a sales commission Agreement with Defendant, a three percent (3%) commission on sales that he contracted on behalf of Defendant.

20. At the time of his termination on July 23, 2021, Mr. Smith had an outstanding amount of $240,845.00 in sales which he had contracted for Defendant but for which Mr. Smith had not yet received his agreed commission, which equaled $7,225.35.

21. To date, Mr. Smith has not been made whole for any of this $7,225.35 amount, despite presuit demand for same.

22. During Mr. Smith's period of employment with Defendant, neither party changed the terms of his commission Agreement.

23. To date, DRMC has failed to pay Mr. Smith any of the earned but unpaid wages.

24. DRMC has yet to remedy the damages caused by the earned, but unpaid wages.

25. DRMC therefore materially breached the Agreement between the parties.

26. DRMC's material breach of the Agreement makes DRMC liable to Mr. Smith for contractual damages.

27. DRMC still owes Mr. Smith $7,225.35 in earned but unpaid commissions under the Agreement.

28. Plaintiff performed faithfully under the commission Agreement throughout the duration of his employment.

29. To date, DRMC has not paid Plaintiff the above-noted wages, despite repeated demand for same.

30. DRMC has materially breached the Agreement with Plaintiff and owes Plaintiff the above-detailed $7,225.35.

31.     Petitioner is also entitled to payment of his attorneys' fees and costs as a prevailing party upon recovery of the wages owed. *See Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 367 (Fla. 2d DCA 1984); *D.G.D., Inc. v. Berkowitz*, 605 So. 2d 496, 498 (Fla. 3d DCA 1992).

32.     Accordingly, in light of the foregoing failure to pay earned wages and material breaches of the Agreement, Petitioner is entitled to the uncompensated pay, interest, and attorneys' fees and costs.

33.     Plaintiff has been damaged by Defendant's breach of the sales commission Agreement.

34.     Throughout his time with DRMC, Mr. Smith was paid a fixed salary per week, and was not paid any overtime no matter how many hours in excess of forty (40) he worked in a given week.

35.     Mr. Smith always worked in Lee County, Florida, and nearby/adjacent counties, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

36.     Mr. Smith had no authority to hire or fire employees of DRMC.

37.     Mr. Smith had no authority to discipline employees of DRMC.

38.     Mr. Smith had no authority to set rates of pay for other employees or agents of DRMC.

39. Mr. Smith had little or no input into performance reviews of other employees or agents of DRMC.

40. All of Mr. Smith's major decisions had to be cleared in advance by one of DRMC's supervisors.

41. Mr. Smith was closely monitored by DRMC's managers and supervisors at all times.

42. Mr. Smith followed procedures established by DRMC and did exactly as he is instructed to do.

43. Mr. Smith's primary duties were to market and sell construction and roofing services to DRMC's customers.

44. The primary value that DRMC placed on Mr. Smith was his services as a laborer; his "managerial" duties were limited or nonexistent, and of secondary value to DRMC.

45. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

46. Plaintiff regularly worked fifty (50) or more hours per week for Defendant during his employment with Defendant.

47. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during his employment with Defendant.

48. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

49. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that he worked during his employment.

50. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

51. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant has failed to maintain proper time records as mandated by the FLSA.

52. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure render him exempt from recovering payment for all overtime worked under the FLSA.

53. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure render him exempt from recovering payment for all overtime worked under the FLSA.

54. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure render him exempt from recovering payment for all overtime worked under the FLSA.

55. Based on the allegations in Paragraphs 52-54, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

56. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

57. Plaintiff reincorporates and re-alleges paragraphs 1 through 18 and 34 through 56 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

58. Plaintiff was entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

59. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

60. Plaintiff was not an exempt employee as defined by the FLSA, no matter Defendant's characterization or misclassification, and was instead a non-exempt employee as defined by the FLSA.

61. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

62. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

<u>**COUNT II**</u>
<u>**BREACH OF CONTRACT**</u>

63. Plaintiff reincorporates and re-alleges paragraphs 1 through 8, 13, 18 through 34, and 56 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

64. Plaintiff and DRMC entered into an Agreement to pay Plaintiff for his earned commissions.

65. Pursuant to the parties' Agreement, DRMC agreed to compensate Plaintiff according to the terms specified above.

66. Plaintiff worked for DRMC in reliance on this Agreement and as consideration for same.

67. DRMC willfully failed to pay Mr. Smith the commissions due under the Agreement, despite repeated pre-suit demand for same, thereby breaching the Agreement.

68. Mr. Smith has been damaged due to DRMC's failure to pay Mr. Smith the appropriate agreed-upon compensation.

69. Plaintiff is entitled to payment of all monies agreed to by DRMC under the Agreement.

70. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against DRMC for damages and pre-judgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 26th day of April, 2022.

        Respectfully Submitted,

        **By: /s/Noah Storch**
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:  (954) 337-2771
        E-mail:noah@floridaovertimelawyer.com

        *Trial Counsel for Petitioner*